**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| *In re:* | Chapter 15 |
| CLINE MINING CORPORATION, | Case No. 14-\_\_\_\_\_ (\_\_\_) |
| Debtor in a Foreign Proceeding. | (Joint Administration Requested) |
| *In re:* | Chapter 15 |
| NEW ELK COAL COMPANY LLC, | Case No. 14-\_\_\_\_\_ (\_\_\_) |
| Debtor in a Foreign Proceeding. | (Joint Administration Requested) |
| *In re:* | Chapter 15 |
| NORTH CENTRAL ENERGY COMPANY, | Case No. 14-\_\_\_\_\_ (\_\_\_) |
| Debtor in a Foreign Proceeding. | (Joint Administration Requested) |

**MOTION PURSUANT TO FED. R. BANKR. P. 1015(b)**
**FOR ORDER DIRECTING JOINT ADMINISTRATION**
**OF CASES UNDER CHAPTER 15 OF BANKRUPTCY CODE**

FTI Consulting Canada Inc., the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Cline Mining Corporation, New Elk Coal Company LLC, and North Central Energy Company (collectively, the "**Cline Debtors**")[1] in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice, Commercial List, has commenced these chapter 15 cases ancillary to the Canadian Proceeding with the filing of

---

[1] The last four digits of the United States Tax Identification Numbers, or similar foreign identification numbers, as applicable, for the Cline Debtors follow in parentheses: Cline Mining Corporation (6094); New Elk Coal Company LLC (0615); and North Central Energy Company (N/A).

*Verified Petitions for Recognition of Foreign Proceeding and Related Relief* pursuant to sections 1504 and 1515 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

By this Motion (the "**Motion**"), the Monitor requests the entry of an order directing of the joint administration of these cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Colorado (the "**Local Rules**").

In support of the Motion, the Monitor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3). The statutory predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

2. The Court is respectfully referred to the Chapter 15 Petitions for a description of the Canadian Proceeding and the Cline Debtors' activities, business, corporate organization, capital structure, and circumstances leading to the filing of the Canadian Proceeding.

## RELIEF REQUESTED

3. By this Motion, the Monitor seeks the entry of an order in the form annexed hereto as <u>Exhibit A</u>, directing the joint administration of the cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

4. Bankruptcy Rule 1015(b) provides that if two (2) or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases. The Cline Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. An order of joint administration relates to the routine administration of a case and may be entered by the Court upon notice to the United States trustee and a short and concise statement setting forth the reasons for granting such order. *See* Local Rule 1015-1.

5. The Chapter 15 Petitions establish that joint administration of the cases is warranted because (i) the Cline Debtors' financial affairs and business operations are closely related; (ii) the Cline Debtors are party to a single proceeding – the Canadian Proceeding – in Canada; and (iii) joint administration will ease the administrative burden of the cases on the Court and various interested parties. Entry of an order directing joint administration of the cases will avoid duplicative notices, applications, and orders, thereby saving the Cline Debtors considerable time and expense. The rights of creditors will not be adversely affected because this Motion only requests administrative consolidation of the cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

6. Accordingly, the Monitor respectfully requests that the caption of each of the cases be modified to reflect the joint administration of these cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| *In re:* | Chapter 15 |
| CLINE MINING CORPORATION, *et al.*, | Case No. 14-_____ (___) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

7. The Monitor also seeks the Court's direction that the following notation be entered on the docket in each of the cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Cline Mining Corporation, New Elk Coal Company LLC, and North Central Energy Company. The docket in Case No. 14 - _____ (\_\_) should be consulted for all matters affecting this case.

8. The Monitor requests that the Court grant this Motion without notice to creditors. The Monitor will serve notice of the signed order in accordance with the procedures set forth in the *Motion for Order Specifying Form and Manner of Service of Notice* filed contemporaneously herewith. In light of the nature of the relief requested, the Monitor submits and requests that this Court hold that no further notice is required.

9. No previous Motion for the relief sought herein has been made by the Monitor to this or any other court.

WHEREFORE, the Monitor respectfully requests that the Court grant the Motion, order the joint administration of the cases, and grant such other and further relief as it deems just and proper.

Dated: Denver, Colorado
December 3, 2014

**ALLEN & OVERY LLP**

　 /s/ Ken Coleman 　
Ken Coleman
Jonathan Cho
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
jonathan.cho@allenovery.com

*Attorneys for FTI Consulting Canada Inc., as Monitor and Foreign Representative of the Cline Debtors*

4