UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: <br><br> CLINE MINING CORPORATION, <br><br> Debtor in a Foreign Proceeding. | Bankruptcy Case No. 14-26132 EEB <br><br> Chapter 15 |
| In re: <br><br> NEW ELK COAL COMPANY LLC, <br><br> Debtor in a Foreign Proceeding. | Bankruptcy Case No. 14-26133 EEB <br><br> Chapter 15 |
| In re: <br><br> NORTH CENTRAL ENERGY COMPANY, <br><br> Debtor in a Foreign Proceeding. | Bankruptcy Case No. 14-26134 EEB <br><br> Chapter 15 |

**Jointly Administered Under
Case No. 14-26132 EEB**

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

THIS MATTER comes before the Court on the Ex Parte Application for Temporary Restraining Order and, After Notice and a Hearing, a Preliminary Injunction, Pursuant to Section 1519, 1521(a)(7), and 105(a) of the Bankruptcy Code (the "Motion") filed by FTI Consulting Canada Inc., the court-appointed monitor (the "Monitor") and authorized foreign representative of Cline Mining Corporation, New Elk Coal Company LLC, and North Central Energy Company (collectively, the "Cline Debtors") in a proceeding (the "Canadian Proceeding") under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice, Commercial List. The Monitor commenced the above-captioned chapter 15 cases ancillary to the Canadian Proceeding by filing Verified Petitions for Recognition of Foreign Proceedings (together, the "Chapter 15 Petitions") under chapter 15 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

By the Motion, the Monitor requested (i) the immediate entry, on an *ex parte* basis, of an order to show cause with a temporary restraining order staying execution against the assets of the Cline Debtors, applying sections 362 and 365(e) of the Bankruptcy Code in these cases on a provisional basis, and scheduling a hearing on the Monitor's request for a preliminary injunction, and (ii) after such hearing, the entry of a preliminary injunction order extending the relief in the temporary restraining order until the disposition of the Chapter 15 Petitions.

The Court has considered and reviewed the Motion and the Chapter 15 Petitions and all related documents filed contemporaneously therewith. Based on the foregoing, the Court finds and concludes as follows:

a) The Monitor has demonstrated a substantial likelihood of success on the merits that the Cline Debtors are the subject of a pending foreign main proceeding in Canada and that the Monitor is the foreign representative of the Cline Debtors;

b) The Monitor has demonstrated that without a stay on execution against the Cline Debtors' assets and the protections of section 362 of the Bankruptcy Code, there is a material risk that the Cline Debtors will suffer irreparable harm to the value of their business, assets, and property from the potential enforcement and collection efforts of creditors pending the disposition of the Chapter 15 Petitions;

c) The Monitor has demonstrated that without a stay on execution against the Cline Debtors' assets and the protections of section 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Cline Debtors' agreements may take the position that the commencement of the Canadian Proceeding authorizes them to terminate such contract or accelerate obligations thereunder. Such termination or acceleration, if permitted and valid, could severely disrupt the Cline Debtors' operations, result in irreparable damage to the value of the Cline Debtors' businesses, and cause substantial harm to the Cline Debtors' creditors and other parties in interest;

d) The Monitor has demonstrated that no injury will result to any party that is greater than the harm to the Cline Debtors' business, assets and property in the absence of the requested relief, and that the interests of the public will be served by this Court's granting of the relief requested by the Monitor;

e) Due to the nature of the relief requested, the Court finds that no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in these cases by Rule 7065 of the Federal Rules of Bankruptcy Procedure;

f) In the context of these cases, the Court finds that it would be infeasible for the Monitor to serve notice of the Motion on all parties in interest;

g) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

h) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

i) Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3).

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Monitor's *ex parte* Motion for an order to show cause with temporary restraining order is GRANTED.

2. A hearing (the "Hearing") on the Monitor's motion for a preliminary injunction extending the relief in this order until the disposition of the Chapter 15 Petitions shall be held at **9:30 a.m. (MST) on Friday, December 12, 2014** in Courtroom F, United States Bankruptcy Court, U. S. Custom House, 721 19th Street, Denver, Colorado.

Pending the Hearing:

(i) pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, all persons and entities are enjoined from seizing, attaching, possessing, executing and/or enforcing liens against the assets of any member of the Cline Debtors within the territorial jurisdiction of the United States; and

(ii) pursuant to sections 1519 and 105(a) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code shall apply in these cases, thereby (a) staying any and all actions or proceedings against the Cline Debtors and their assets within the territorial jurisdiction of the United States and (b) enjoining all persons and entities from terminating or modifying any executory contracts or unexpired leases with any of the Cline Debtors, or terminating or modifying any rights or obligations under such contracts or leases, solely because of a condition of the kind described in section 365(e)(1) of the Bankruptcy Code.

3. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

4. The Monitor shall cause notice of the entry of this Order to be served by United States mail, first-class postage prepaid or by overnight courier, on all known creditors, including but not limited to the plaintiffs in the WARN Act Class Action, and all other parties against whom relief is sought (or their counsel).

5. The Monitor shall provide notice of the entry of this Order to the court in every pending litigation involving the Debtors.

6. Service in accordance with this Order shall constitute adequate and sufficient service and notice.

7. Responses or objections to the Monitor's request for a preliminary injunction must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules and in writing describing the basis therefore, which objection or response must be filed with the Bankruptcy Court electronically by registered users of the court's ECF System and served upon counsel for the Monitor so as to be received by **Wednesday, December 10, 2014, at 4:00 p.m. (MST)**, in accordance with the requirements of Bankruptcy Rule 1011(b). Notices to counsel for the Monitor should be addressed to Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attention: Ken Coleman and Jonathan Cho.

8. Any party in interest may make a motion seeking relief from or modifying this Order by motion, on not less than two (2) business days' notice to the Monitor's United States counsel and any such request shall be the subject matter of a hearing scheduled by the Court.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

DATED this 4th day of December, 2014.

BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy Judge