**UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>CLINE MINING CORPORATION,<br><br>Debtor in a Foreign Proceeding. | Bankruptcy Case No.  14-26132 EEB<br><br>Chapter 15 |
| In re:<br><br>NEW ELK COAL COMPANY LLC,<br><br>Debtor in a Foreign Proceeding. | Bankruptcy Case No.  14-26133 EEB<br><br>Chapter 15 |
| In re:<br><br>NORTH CENTRAL ENERGY COMPANY,<br><br>Debtor in a Foreign Proceeding. | Bankruptcy Case No.  14-26134 EEB<br><br>Chapter 15<br><br>**Jointly Administered Under<br>Case No. 14-26132 EEB** |

**NOTICE OF FILING OF PROPOSED PLAN SANCTION ORDER**

     **PLEASE TAKE NOTICE** that on January 22, 2015, FTI Consulting Canada Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Cline Mining Corporation, New Elk Coal Company LLC, and North Central Energy Company (collectively, the "**Cline Debtors**") in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice, Commercial List (the "**Ontario Court**"), by its undersigned counsel, filed in the above-captioned cases the form of proposed order (the **"Proposed Plan Sanction Order"**) that was submitted in the Canadian Proceeding in connection with the Cline Debtors' motion for the sanction of their *Amended and Restated Plan of Compromise and Arrangement* (the "**Plan**").  If the Ontario Court enters an order sanctioning the Plan, such order will be filed in the above-captioned cases.

1

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Plan Sanction Order is annexed hereto as <u>Exhibit A</u>.[1]

Dated: New York, NY
January 22, 2015

**ALLEN & OVERY LLP**

/s/ Jonathan Cho
Jonathan Cho
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jonathan.cho@allenovery.com

*Attorney for FTI Consulting Canada Inc., as Monitor and Foreign Representative of the Cline Debtors*

---

[1] The Proposed Plan Sanction Order is attached hereto without Schedule A. Schedule A is the Plan, which was previously filed with this Court on January 21, 2015 [D.I. 50].

2

# **EXHIBIT A**

*Proposed Plan Sanction Order*

Court File No. CV14-10781-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| **THE HONOURABLE REGIONAL** | ) | **TUESDAY, THE 27TH** |
| | ) | |
| **SENIOR JUSTICE MORAWETZ** | ) | **DAY OF JANUARY, 2015** |

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT,* **R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF CLINE MINING CORPORATION, NEW ELK COAL COMPANY LLC AND NORTH CENTRAL ENERGY COMPANY**

### PLAN SANCTION ORDER

**THIS MOTION** made by Cline Mining Corporation ("**Cline**"), New Elk Coal Company LLC ("**New Elk**") and North Central Energy Company ("**North Central**" and, together with Cline and New Elk, the "**Applicants**") for an Order (the "**Plan Sanction Order**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), sanctioning the Amended and Restated Plan of Compromise and Arrangement dated January 20, 2015, which is attached as Schedule "A" hereto (and as it may be further amended, varied or supplemented from time to time in accordance with the terms thereof, the "**Plan**"), was heard on January 27, 2015 at 330 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Motion, the Affidavit of Matthew Goldfarb sworn January 21, 2015 (the "**Goldfarb Affidavit**"), filed, the second report (the "**Second Report**") and third report (the "**Third Report**") of FTI Consulting Canada Inc., in its capacity as monitor of the Applicants (the "**Monitor**"), filed, and on hearing the submissions of counsel for each of the Applicants, the Monitor, Marret Asset Management Inc. (on behalf of the Applicants' secured noteholders), and such other counsel as were present, no one else appearing although duly served as appears from the affidavit of service, filed.

**DEFINED TERMS**

1. **THIS COURT ORDERS** that any capitalized terms not otherwise defined in this Plan Sanction Order shall have the meanings ascribed to such terms in the Plan and the Meetings Order granted by this Court on December 3, 2014 (the "**Meetings Order**"), as applicable.

**SERVICE, NOTICE AND MEETING**

2. **THIS COURT ORDERS** that the time for service of the Notice of Motion, the Motion Record in support of this motion, the Second Report and the Third Report be and are hereby abridged and validated so that the motion is properly returnable today and service upon any interested party other than those parties served is hereby dispensed with.

3. **THIS COURT ORDERS AND DECLARES** that there has been good and sufficient notice, service and delivery of the Meetings Order, the Information Package and the Plan to all Persons upon which notice, service and delivery was required, and that the Meetings were duly convened and held on January 21, 2015, in conformity with the CCAA and the Meetings Order.

**SANCTION OF THE PLAN**

4. **THIS COURT DECLARES** that the relevant Voting Classes of Affected Creditors of the Applicants are the Secured Noteholders Class, the Affected Unsecured Creditors Class and the WARN Act Plaintiffs Class and that the Plan has been approved by the Required Majorities of Affected Creditors in each Voting Class, as required by the Meetings Order, and in conformity with the CCAA.

5. **THIS COURT DECLARES** that the activities of the Applicants have been in compliance with the provisions of the CCAA, the Initial Order granted by this Court on December 3, 2014 (the "**Initial Order**"), the Claims Procedure Order granted by this Court on December 3, 2014 (the "**Claims Procedure Order**") and the Meetings Order (together with the Initial Order and the Claims Procedure Order, the "**Orders**"), the Court is satisfied that the Applicants have not done or purported to do anything that is not

authorized by the CCAA and the Plan and the transactions contemplated thereby are fair and reasonable.

6. **THIS COURT ORDERS AND DECLARES** that the Plan is hereby sanctioned and approved pursuant to section 6 of the CCAA.

**PLAN IMPLEMENTATION**

7. **THIS COURT ORDERS** that each of the Applicants and the Monitor are authorized and directed to take all steps and actions, and do all things, necessary or appropriate to implement the Plan in accordance with its terms and to enter into, execute, deliver, complete, implement and consummate all of the steps, transactions, distributions, deliveries, allocations and agreements contemplated by the Plan. All payments and distributions to be made by the Applicants to the WARN Act Plaintiffs pursuant to the Plan shall be made to Class Action Counsel, and Class Action Counsel shall allocate and distribute such payments in accordance with the Plan. Neither the Applicants nor the Monitor shall incur any liability as a result of acting in accordance with the terms of the Plan and the Plan Sanction Order.

8. **THIS COURT ORDERS AND DECLARES** that the Plan and all associated steps, compromises, transactions, arrangements, releases and reorganizations effected thereby shall be deemed to be implemented, binding and effective in accordance with the provisions of the Plan as of the Plan Implementation Date, and the steps required to implement the Plan, including without limitation the release of all Affected Claims, Released Director/Officer Claims and Released Claims in accordance with the terms of the Plan, shall be deemed to occur and to take effect in the sequential order and at the times contemplated in section 5.3 of the Plan, without any further act or formality, on the Plan Implementation Date, beginning at the Effective Time.

9. **THIS COURT ORDERS** that, pursuant to section 6(2) of the CCAA, the Articles of Cline shall be amended on the Plan Implementation Date in accordance with the provisions of, and as required to implement, the Plan. Any fractional Cline Common Shares held by any holder of Cline Common Shares immediately following the

consolidation of the Cline Common Shares referred to in section 5.3(h) of the Plan shall be cancelled without any liability, payment or other compensation in respect thereof and all Equity Interests (for greater certainty, not including any Cline Common Shares that remain issued and outstanding immediately following the cancellation of fractional interests pursuant to section 5.3(i) of the Plan) shall be cancelled without any liability, payment or other compensation in respect thereof.

10. **THIS COURT ORDERS** that upon the satisfaction or waiver of the conditions precedent set out in section 9.1 of the Plan in accordance with the terms of the Plan, as confirmed by the Applicants and Marret or their counsel in writing, the Monitor is authorized and directed to deliver to counsel to the Applicants a certificate substantially in the form attached hereto as Schedule "B" (the "**Monitor's Certificate**") signed by the Monitor, certifying that the Plan Implementation Date has occurred and that the Plan is effective in accordance with its terms and the terms of the Plan Sanction Order. The Monitor shall file the Monitor's Certificate with this Court and the U.S. Court promptly following the Plan Implementation Date.

11. **THIS COURT ORDERS** that, subject to the payment of any amounts secured by the Charges that remain owing on the Plan Implementation Date, if any, each of the Charges shall be terminated, discharged and released on the Plan Implementation Date.

**EFFECT OF PLAN AND CCAA ORDERS**

12. **THIS COURT ORDERS** that, from and after the Plan Implementation Date, the Plan shall inure to the benefit of and be binding upon the Applicants, the Released Parties, the Affected Creditors, the Directors and Officers, any Person with a Director/Officer Claim or a Released Claim, and all other Persons and parties named or referred to in or affected by the Plan, including, without limitation, their respective heirs, administrators, executors, legal representatives, successors, and assigns.

13. **THIS COURT ORDERS** that, without limiting the provisions of the Claims Procedure Order, any Person that did not file a Proof of Claim, a Notice of Dispute or a Notice of Dispute of Revision or Disallowance, as applicable, by the Claims Bar Date, the

Restructuring Period Claims Bar Date or such other bar date provided for in the Claims Procedure Order, as applicable, whether or not such Person received direct notice of the claims process established by the Claims Procedure Order, shall be and is hereby forever barred from making any Claim or any Director/Officer Claim and shall not be entitled to any consideration under the Plan, and such Person's Claim or Director/Officer Claim, as applicable, shall be and is hereby forever barred and extinguished.

14. **THIS COURT ORDERS AND DECLARES** that, subject to performance by the Applicants of their obligations under the Plan and except as provided in the Plan, all obligations, agreements or leases to which any of the Applicants is a party on the Plan Implementation Date shall be and remain in full force and effect, unamended, as at the Plan Implementation Date and no party to any such obligation or agreement shall on or following the Plan Implementation Date, accelerate, terminate, refuse to renew, rescind, refuse to perform or otherwise disclaim or resiliate its obligations thereunder, or enforce or exercise (or purport to enforce or exercise) any right or remedy under or in respect of any such obligation or agreement, by reason: (i) that the Applicants sought or obtained relief or have taken steps in connection with the Plan or under the CCAA; (ii) of any default or event of default arising as a result of the financial condition or insolvency of the Applicants on or prior to the Plan Implementation Date; (iii) of the effect upon the Applicants of the completion of any of the transactions contemplated under the Plan; or (iv) of any compromises, settlements, restructurings, recapitalizations or reorganizations effected pursuant to the Plan.

**THE MONITOR**

15. **THIS COURT ORDERS** that the activities and conduct of the Monitor prior to the date hereof in relation to the Applicants, the CCAA Proceedings, and in conducting and administering the Meetings on January 21, 2015 be and are hereby ratified and approved.

16. **THIS COURT ORDERS** that the pre-filing report of the Monitor dated December 2, 2015, the first report of the Monitor dated December 16, 2015 and the Second Report, and the conduct and activities of the Monitor as described therein are hereby approved.

17. **THIS COURT ORDERS** that the fees and disbursements of the Monitor and Osler, Hoskin & Harcourt LLP, as counsel to the Monitor, as described in the Third Report be and hereby are approved.

18. **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA and the powers provided to the Monitor herein and in the Orders and the Plan, shall be and is hereby authorized, directed and empowered to perform its functions and fulfill its obligations under the Plan to facilitate the implementation of the Plan.

19. **THIS COURT ORDERS** that the Monitor has satisfied all of its obligations up to and including the date of this Plan Sanction Order, and that: (i) in carrying out the terms of this Plan Sanction Order and the Plan, the Monitor shall have all the protections given to it by the CCAA, the Initial Order, the Meetings Order, the Claims Procedure Order, and as an officer of the Court, including the stay of proceedings in its favour; (ii) the Monitor shall incur no liability or obligation as a result of carrying out the provisions of this Plan Sanction Order and/or the Plan and in performing its duties as Monitor in the CCAA Proceedings, save and except for any gross negligence or wilful misconduct on its part; (iii) the Monitor shall be entitled to rely on the books and records of the Applicants and any information provided by the Applicants without independent investigation; and (iv) the Monitor shall not be liable for any claims or damages resulting from any errors or omissions in such books, records or information, or with respect to any such information disclosed to or provided by the Monitor, including with respect to reliance thereon by any Person.

20. **THIS COURT ORDERS** that as of the Effective Time on the Plan Implementation Date, the Monitor shall be discharged and released from its duties other than those obligations, duties and responsibilities: (i) necessary or required to give effect to the terms of the Plan and this Plan Sanction Order, (ii) in relation to the claims procedure and all matters relating thereto as set out in the Claims Procedure Order, and (iii) in connection with the completion by the Monitor of all other matters for which it is

responsible in connection with the Plan or pursuant to the Orders of this Court made in the CCAA Proceedings.

21. **THIS COURT ORDERS** that upon completion by the Monitor of its duties in respect of the Applicants pursuant to the CCAA, the Plan and the Orders, the Monitor may file with the Court a certificate stating that all of its duties in respect of the Applicants pursuant to the CCAA, the Plan and the Orders have been completed and thereupon, FTI Consulting Canada Inc. shall be deemed to be discharged from its duties as Monitor and released of all claims relating to its activities as Monitor.

**BOARD OF DIRECTORS OF CLINE**

22. **THIS COURT ORDERS AND DECLARES** that those persons listed on a certificate to be filed with the Court by the Applicants prior to the Plan Implementation Date shall be deemed to be appointed as the board of directors of Cline on the Plan Implementation Date, provided that such certificate and the persons listed thereon shall be subject to the prior written consent of Marret, on behalf of the Secured Noteholders. Concurrently with the appointment of such directors, all directors serving immediately prior to the Plan Implementation Date shall be deemed to resign (unless they are re-appointed in accordance with this paragraph).

**EXTENSION OF THE STAY OF PROCEEDINGS**

23. **THIS COURT ORDERS** that the Stay Period, as such term is defined in and used throughout the Initial Order, be and is hereby extended to and including 11:59 p.m. on April 1, 2015, and that all other terms of the Initial Order shall remain in full force and effect, unamended, except as may be required to give effect to this paragraph or otherwise provided in the Plan or this Plan Sanction Order.

**EFFECT, RECOGNITION AND ASSISTANCE**

24. **THIS COURT ORDERS** that the Applicants and the Monitor may apply to this Court for advice and direction with respect to any matter arising from or under the Plan or this Plan Sanction Order.

25. **THIS COURT ORDERS** that this Plan Sanction Order shall have full force and effect in all provinces and territories of Canada and abroad as against all persons and parties against whom it may otherwise be enforced.

26. **THIS COURT REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, or in any other foreign jurisdiction, to give effect to this Order or to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants or the Monitor and their respective agents in carrying out the terms of this Order. Without limiting the generality of the foregoing, the Monitor is hereby authorized, as foreign representative of the Applicants to, if deemed advisable by the Monitor and the Applicants, apply for recognition of this Plan Sanction Order in any proceedings in the United States pursuant to Chapter 15, Title 11 of the United States Code.

**GENERAL**

27. **THIS COURT ORDERS** that this Plan Sanction Order shall be posted on the Monitor's Website at http://cfcanada.fticonsulting.com/cline and is only required to be served upon the parties on the Service List and those parties who appeared at the hearing of the motion for this Plan Sanction Order.

_____

**Schedule "A"**

**(Plan of Compromise and Arrangement)**

Schedule "B"

Monitor's Certificate of Plan Implementation

Court File No. CV14-10781-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT,* **R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF CLINE MINING CORPORATION, NEW ELK COAL COMPANY LLC AND NORTH CENTRAL ENERGY COMPANY**

**CERTIFICATE OF FTI CONSULTING CANADA INC. AS THE COURT-APPOINTED MONITOR OF CLINE MINING CORPORATION, NEW ELK COAL COMPANY LLC AND NORTH CENTRAL ENERGY COMPANY**

**(Plan Implementation)**

All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Amended and Restated Plan of Compromise and Arrangement concerning, affecting and involving Cline Mining Corporation, New Elk Coal Company LLC and North Central Energy Company (collectively, the "**Applicants**") dated January 20, 2014 (the "**Plan**"), which is attached as Schedule "A" to the Plan Sanction Order of the Honourable Regional Senior Justice Morawetz made in these proceedings on January 27, 2015 (the "**Plan Sanction Order**"), as the Plan may be further amended, varied or supplemented from time to time in accordance with its terms.

Pursuant to section 9.2 of the Plan and paragraph 10 of the Plan Sanction Order, FTI Consulting Canada Inc. in its capacity as the Court-appointed monitor of the Applicants (the "**Monitor**") delivers this certificate to counsel to the Applicants (on behalf of the Applicants) and hereby certifies that:

- 2 -

1. The Monitor has received written confirmation from the Applicants and Marret (or their respective counsel) that the conditions precedent set out in section 9.1 of the Plan have been satisfied or waived, as applicable.

2. Pursuant to the terms of the Plan, the Plan Implementation Date has occurred.

3. The Plan is effective in accordance with its terms.

4. This Certificate will be filed with the Court.

**DATED** at the City of Toronto, in the Province of Ontario, this ___ day of ___, 2015.

        **FTI CONSULTING CANADA INC.,** in its capacity as Court-appointed Monitor of the Applicants

        By: _____

        Name: Paul Bishop

        Title: Senior Managing Director